UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/09

DONNA DE CURTIS,

                Plaintiff,

-v-

UPWARD BOUND INTERNATIONAL, INC.,
d/b/a UPWARD BOUND TRAVEL, and THOMAS
FERRANDINA,

                Defendants.

No. 09 Civ. 5378 (RJS)
ORDER TO SHOW CAUSE

RICHARD J. SULLIVAN, District Judge:

    WHEREAS Plaintiff commenced this action on June 10, 2009 by filing a Summons and Complaint (Doc. No. 1); and

    WHEREAS Plaintiff served a copy of the Summons and Complaint on Defendant Thomas Ferrandina on June 13, 2009, and filed proof of service with the Court on July 7, 2009 (Doc. No. 4); and

    WHEREAS Ferrandina has failed to respond to the Complaint or otherwise appear in this action; and

    WHEREAS the Court conducted a status conference on September 10, 2009, of which Ferrandina was provided notice but nevertheless failed to attend; and

    WHEREAS the Clerk of the Court issued the attached notice of Ferrandina's default on September 21, 2009; and

    WHEREAS Plaintiff submitted the attached affidavit in support of her application for entry of a default judgment on September 21, 2009,

IT IS HEREBY ORDERED that, by October 20, 2009, Ferrandina shall show cause, in writing, as to why a default judgment should not be entered against him pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and

IT IS FURTHER ORDERED that, on October 29, 2009 at 9:30 a.m., Ferrandina shall appear before this Court at the United States District Courthouse for the Southern District of New York, 500 Pearl Street, Room 21C, New York, New York, in order to show cause as to why a default judgment should not be entered against him due to his failure to respond to Plaintiff's Complaint; and

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order on Ferrandina via registered mail, including the attachments, by October 13, 2009.

SO ORDERED.

Dated:   September 28, 2009
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

DONNA De CURTIS,

                Plaintiff,

v.

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD BOUND TRAVEL, and THOMAS
FERRANDINA,

                Defendants.

----------------------------------------x

09 Civ. 5378 (RJS)

<u>ECF CASE</u>

<u>CLERK'S CERTIFICATE</u>

        I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on June 10, 2009 with the filing of a summons and complaint, a copy of the summons and complaint was served on Defendant Thomas Ferrandina by serving Defendant Thomas Ferrandina personally at his residence on June 13, 2009, and proof of such service thereof was filed on July 7, 2009.

        I further certify that the docket entries indicate that Defendant Thomas Ferrandina has not filed an answer or otherwise moved with respect to the complaint herein. The default of Defendant Thomas Ferrandina is hereby noted.

Dated: New York, New York
       September 21, 2009

                                            **J. MICHAEL MCMAHON**
                                            Clerk of the Court

                                            By: _____
                                                       Deputy Clerk

262055 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| DONNA De CURTIS, | 09 Civ. 5378 (RJS) |
| Plaintiff, | ECF CASE |
| v. | DECLARATION IN SUPPORT OF DEFAULT JUDGMENT |
| UPWARD BOUND INTERNATIONAL, INC. d/b/a UPWARD BOUND TRAVEL, and THOMAS FERRANDINA, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VALDI LICUL, under penalty of perjury declares:

1. I am a member of Vladeck, Waldman, Elias & Engelhard, P.C., counsel for the Plaintiff Donna De Curtis ("De Curtis" or "Plaintiff") in the above entitled action and am fully familiar with all the facts and circumstances heretofore had herein.

2. I submit this declaration in support of Plaintiff's motion for a default judgment against Defendant Thomas Ferrandina ("Ferrandina") as to liability on Plaintiff's sex discrimination and retaliation claims pursuant to New York State Human Rights Law, Executive Law § 296 et seq. (the "Executive Law") and the Administrative Code of the City of New York § 8-101 et seq. (the "City Law").

## Procedural History

3. Plaintiff brought this action against Defendants Upward Bound International, Inc. d/b/a/ Upward Bound Travel ("Upward Bound") and Ferrandina (collectively "Defendants"), for declaratory and monetary relief and damages for injuries Plaintiff has sustained as a result of Defendants' sex discrimination and retaliation against

261929 v1

her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Executive Law; and the City Law.

4. Plaintiff commenced this action by the service of a Summons and Complaint (Dkt. 1) on Upward Bound and Ferrandina. Copies of the Summons and Complaint are annexed to Plaintiff's Order to Show Cause, dated 23, 2009 ("Order to Show Cause"), as Exhibit C.

5. Plaintiff served the Summons and Complaint on Upward Bound by hand on June 12, 2009, at 145 East 32nd Street, 8th Floor, New York, New York. (Dkt. 3) A copy of the Affidavit of Service is annexed to the Order to Show Cause as Exhibit D.

6. Plaintiff served the Summons and Complaint on Ferrandina by personal delivery on June 13, 2009, at his residence, 5 Karin Court, East Northport, New York; accordingly, Ferrandina's answer or response to the Complaint was due July 3, 2009. (Dkt. 4) A copy of the Affidavit of Service is annexed to the Order to Show Cause as Exhibit D.

7. On June 25, 2009, the Court so ordered the stipulation between Upward Bound and Plaintiff extending Upward Bound's time to answer to July 24, 2009. (Dkt. 2) On July 13, 2009, Plaintiff sent a copy of the June 25, 2009 Order by regular mail to Ferrandina at 5 Karin Court, East Northport, New York. A copy of that letter to Ferrandina is annexed to the Order to Show Cause as Exhibit F.

8. On July 22, 2009, the Court ordered counsel for both Defendants to file notices of appearance forthwith. (Dkt. 6) On July 22, 2009, Plaintiff sent a copy of the July 22, 2009 Order by Federal Express to Ferrandina at 5 Karin Court, East

Northport, New York. A copy of that letter to Ferrandina is annexed to the Order to Show Cause as Exhibit G.

9. Upward Bound duly appeared in the above-entitled action by its attorney, and served its Answer to the Complaint on July 24, 2009. (Dkts. 8 & 10) A copy of the Answer is annexed to the Order to Show Cause as Exhibit C.

10. On or about September 1, 2009, Plaintiff and Upward Bound submitted a joint letter to the Court and a Proposed Case Management Plan. On or about September 9, 2009, Plaintiff sent a copy of the September 1, 2009 letter and Proposed Case Management Plan to Ferrandina by Federal Express. A copy of that letter to Ferrandina is annexed to the Order to Show Cause as Exhibit H.

11. To date, Ferrandina has not served an answer or moved with respect to the Complaint herein, nor has his time to do so been extended beyond July 3, 2009.[1]

12. Upon information and belief, Ferrandina is not an infant or incompetent, and was not in the military service of the United States government or on active duty in the military service in the state of New York at the time of service. (See Affidavit of Service of Ferrandina, annexed to the Order to Show Cause as Exhibit D)

13. On September 21, 2009, the Clerk of the Court certified that Ferrandina has not filed an answer or otherwise moved with respect to the Complaint. A copy of the Certificate from the Clerk of the Court is annexed to the Order to Show Cause as Exhibit E.

---

[1] The docket incorrectly states that Ferrandina's answer was due on July 24, 2009. (Dkt. 4) On June 25, 2009, the Court so ordered the stipulation between Upward Bound and Plaintiff extending Upward Bound's time to answer to July 24, 2009. (Dkt. 2) Ferrandina, however, was not a party to the stipulation. Nor has Ferrandina separately requested an extension.

14. Ferrandina is now in default in pleading.

## A Default Judgment on the Issue of Liability Is Appropriate

15. The Complaint alleges that Ferrandina sexually harassed Plaintiff and retaliated against her for engaging in protected activity in violation of the Executive Law and the City Law. (See Complaint ¶¶ 56-69)[2] As discussed above, Ferrandina has not appeared in this action and, therefore, he has defaulted. Plaintiff seeks a default judgment against Ferrandina as to liability. Although the default is applicable to fewer than all of the Defendants, the Court may appropriately order a default judgment on the issue of Ferrandina's liability prior to resolution of the entire action.

16. Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment shall be entered if a defendant has failed to plead or otherwise defend an action. Rule 54(b) of the Federal Rules of Civil Procedure permits final judgment "as to one or more but fewer than all of the claims or parties upon an express determination that there is no just reason for delay . . . ."

17. Pursuant to Rules 54(b) and 55(b) of the Federal Rules of Civil Procedure, "[i]n a case . . . where plaintiff seeks joint and several liability against several defendants, the court may enter a default judgment against any defendants who default by failing to appear." Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992).[3]

---

[2] Plaintiff does not assert Title VII claims against Ferrandina.

[3] See Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n.4 (2d Cir. 1976) (default judgment appropriate where defaulting defendant's "liability" did not "depend upon that of any of his co-defendants"); Int'l Gemmological Institute, Inc. v. Rafaeil, No. 05 Civ. 2395 (JGK)(JCF), 2005 WL 3880222, at *2 (S.D.N.Y. Aug. 17, 2005) (Report & Recommendation adopted by 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006)) ("[In joint and several liability cases,] [s]ince each defendant is accused of individually causing the entire injury, it would not be inconsistent to hold some but not all defendants liable. . . . Therefore, . . . the court may enter a default judgment against any

18. Joint or common liability "'means that each tortfeasor is entirely responsible for the damage resulting from that concerted conduct.'" Lite-Up Corp., 1999 WL 436563, at *3 (quoting In re Uranium Antitrust Litig., 617 F.2d, 1248, 1257 (7th Cir. 1980)). Thus, "the liability of each party is dependent on the liability of the other – that is, that it would be logically inconsistent for one to be held liable while the other is not." Id. In contrast, in joint and several liability cases, "two distinct potentials for liability coexist in a single claim." In re Uranium Antitrust Litig., 617 F.2d at 1257. If all defendants are found liable, then the plaintiff can "seek to satisfy its judgment and damages award against all the defendants, or single out one [of the defendants]. But at the same time, only a small group of the defendants might be found [liable], and the remaining defendants would be exonerated." Id. A "finding of liability as to [some] defendants is not inconsistent with a finding of no liability as to the other [defendants], because liability is potentially 'several' as well as 'joint.'" Id.

19. Here, Plaintiff seeks joint and several liability, rather than joint liability, against Ferrandina and Upward Bound for sex discrimination and retaliation in violation of the Executive Law and the City Law. (See Complaint ¶¶ 56-69) It is "conceivable" that Ferrandina could be found liable for sexual harassment and retaliation regardless of whether Upward Bound

---

defendant that fails to appear."); Kidd v. Andrews, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004) (granting plaintiff's motion for a default judgment against individual defendant as to liability only); Cole v. N.Y. State Dep't of Corr. Servs., No. 97 Civ. 0477E(M), 1999 WL 1067588, at *1 (W.D.N.Y. Nov. 15, 1999) ("While there always is a question in a multi-defendant case as to the appropriateness of a default judgment against a single defendant . . . where the cause of action triggers joint and several liability, such disposition is permitted."); Lite-Up Corp. v. Sony Music Entm't, Inc., No. 97 Civ. 1546 (KTD)(MHD), 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) ("[I]f the liability sought to be imposed is joint and several rather than joint, most courts have held that the rationale of Frow does not directly apply, since it would not be inconsistent to hold some but not all defendants liable."); Garafola v. Ecker Restoration Corp., No. 94 Civ. 7999 (CSH)(MHD), 1996 WL 312346, at *2 (S.D.N.Y. June 10, 1996) (same).

is found liable. Lite-Up Corp., 1999 WL 436563, at *3. "[U]nder both [the Executive Law] and [the City Law] there is individual liability where the individual defendant actually participates in the conduct giving rise to a discrimination claim." Lee v. Overseas Shipholding Group, Inc., No. 00 Civ. 9682 (DLC), 2001 WL 849747, at *9 (S.D.N.Y. July 30, 2001) (internal quotations omitted). However, an employer is not always responsible for the discriminatory or retaliatory conduct of its employees.[4]

20.  Indeed, Upward Bound contends in the joint letter to the Court dated September 1, 2009, that it is not liable for Ferrandina's sexual harassment under the Executive Law or the City Law. According to Upward Bound, "even assuming arguendo that Plaintiff could maintain some causes of action, for an abusive working environment, which Upward Bound disputes, Upward Bound's prompt, remedial action, which included firing Ferrandina, is a bar to Upward Bound's liability." (Letter to the Court, dated Sept. 1, 2009, at 2) Upward Bound further argues that "Plaintiff cannot impute [Ferrandina's conduct] to Upward Bound even under the arguably more liberal standards of the City Law." (Id. at 3 n.1) Thus, Ferrandina's liability is not "necessarily" dependent on Upward Bound's liability. Farberware, Inc. v. Groben, No. 89 Civ. 6240 (PKL)(MHD), 1991 WL 123964, at *4 (S.D.N.Y. July 3, 1991) (plaintiff's wiretap claim sought joint and several liability against defendants where liability against defaulting

---

[4] See City Law § 8-107(13)(b) ("An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee . . . only where: (1) the employee . . . exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's . . . discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action . . . ; or (3) the employer should have known of the employee's . . . discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."); Barnum v. New York City Tr. Auth., 62 A.D.3d 736, 737-38, 878 N.Y.S.2d 454, 455 (2d Dep't 2009) ("To recover against an employer for the discriminatory acts of its employee [pursuant to the Executive Law], the plaintiff must demonstrate that the employer became a party to such conduct by encouraging, condoning, or approving it.").

defendant was not "necessarily dependent upon the liability of the non-defaulting defendant" and "relief could consistently be awarded against some but not all of the defendants").

21.     Moreover, Plaintiff "seeks damages, which could be awarded solely against one defendant." Lite-Up Corp., 1999 WL 436563, at *3. Here, Plaintiff seeks money damages to make her whole for the sexual harassment and retaliation. The relief Plaintiff seeks could be awarded consistently against Ferrandina but not Upward Bound.

22.     Accordingly, liability against Defendants is joint and several, and entry of default judgment against Ferrandina as to liability is appropriate.[5]

### A Default Judgment on the Issue of Damages Is Premature

23.     Most courts have held that, "even if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." Farberware, 1991 WL 123964, at *3.[6] For efficiency purposes, "'the district court when possible should consolidate the Rule 55(b)(2) hearing required for the assessment of the defaulting party's

---

[5] See Int'l Gemmological Institute, 2005 WL 3880222, at *2 (theory of recovery premised on joint and several liability where "each defendant is accused of individually causing the entire injury"); Cole, 1999 WL 1067588, at *1 (finding that cause of action "triggered" joint and several liability where plaintiff alleged that defendant conspired to deprive plaintiff of his civil rights and entering default judgment against defendant that failed to appear); Montcalm Publ'g, 807 F. Supp. at 978 ("[Plaintiff] claims joint and several liability in this case, alleging that all of the defendants acted together in a scheme to defraud. In such a case, the amount of damages which plaintiff may recover from defaulting and non-defaulting defendants should not differ.").

[6] See Anthracite Funding, LLC v. Bethany Holdings Group, LLC, No. 09 Civ. 1604 (PGG)(AJP), 2009 WL 1514317, at *1 (S.D.N.Y. June 1, 2009) (same); Kidd, 340 F. Supp. 2d at 338 (same); Lite-Up Corp., 1999 WL 436563, at *2 (same); Montcalm Publ'g, 807 F. Supp. at 978 (same). But see Int'l Gemmological Institute, 2005 WL 3880222, at *2-3 (concluding that assessment of damages was not "premature").

liability with the damage aspect of the trial against the non-defaulting party.'" Id. (quoting 6 Moore's Federal Practice ¶ 55.06 at 55-42 n.17 (2d ed. 1988)). Accordingly, a determination of damages on Plaintiff's claims against Ferrandina should await disposition of the same claims against Upward Bound.

Damages

24. Plaintiff seeks declaratory relief and monetary damages under the Executive Law and the City Law, including back pay, front pay, compensatory damages, punitive damages, interest, attorney's fees and costs.

25. Plaintiff will provide details and supporting documentation regarding her damages when the Court conducts an inquest to calculate her damages, unless the Court requests this information at an earlier time.

An Inquest Will Be Necessary to Calculate Plaintiff's Damages

26. Where a plaintiff seeks "unliquidated" damages, "the Court is required to conduct an inquest to determine the amount of damages appropriate." Wilson v. Car Land Diagnostics Ctr., Inc., No. 99 Civ. 9570 (GEL), 2001 WL 1491280, at *4 (S.D.N.Y. Nov. 26, 2001). Here, Plaintiff does not seek a sum certain from Ferrandina; as described above, Plaintiff seeks back and front pay, emotional distress damages, punitive damages, and attorneys fees and costs. Accordingly, an inquest concerning Plaintiff's damages will be necessary.

WHEREFORE, deponent respectfully asks for an order directing the entry of judgment in favor of the Plaintiff and against Ferrandina as to liability on Plaintiff's sex discrimination and retaliation claims pursuant to the Executive Law and the City Law.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 23, 2009, in New York, New York.

VLADECK, WALDMAN, ELIAS &
ENGELHARD, P.C.

By: _____
Valdi Licul
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York  10036
(212) 403-7300