*SULLIVAN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DONNA De CURTIS,                              09 Civ. 5378 (RJS)

                    Plaintiff,               ECF CASE

          v.                                 ORDER TO SHOW CAUSE

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD BOUND TRAVEL, THOMAS
FERRANDINA, SETH RUDMAN, LDA TRAVEL
CORPORATION, and TZELL TRAVEL, LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 3/30/10

RICHARD J. SULLIVAN, District Judge:

          WHEREAS Plaintiff filed the Summons and Amended Complaint on

January 8, 2010 (Dkt. 22); and

          WHEREAS Plaintiff served a copy of the Summons and the Amended

Complaint on Defendant LDA Travel Corporation ("LDA") on January 25, 2010, and

filed proof of service with the Court on February 1, 2010 (Dkt. 25); and

          WHEREAS Plaintiff served a copy of the Summons and the Amended

Complaint on Defendant Upward Bound International, Inc. d/b/a Upward Bound Travel

("Upward Bound") on February 6, 2010, and filed proof of service with the Court on

February 24, 2010 (Dkt. 30); and

          WHEREAS Plaintiff served a copy of the Summons and the Amended

Complaint on Defendant Seth Rudman ("Rudman") on February 6, 2010, and filed proof

of service with the Court on February 24, 2010 (Dkt. 29); and

WHEREAS LDA, Upward Bound and Rudman have failed to respond to the Amended Complaint; and

WHEREAS LDA and Rudman have failed to appear in this action; and

WHEREAS Upward Bound has failed to retain counsel in this action; and

WHEREAS the Court conducted a conference on March 11, 2010, of which LDA, Upward Bound and Rudman were provided notice but nevertheless failed to attend; and

WHEREAS the Clerk of the Court issued the attached notices of default as to LDA, Upward Bound and Rudman on March 26, 2010; and

WHEREAS Plaintiff submitted the attached affidavit in support of her application for entry of a default judgment on March 26, 2010,

IT IS HEREBY ORDERED that, on April 22, 2010 at 9:30am, LDA, Upward Bound and Rudman shall appear before this Court at the United States District Courthouse for the Southern District of New York, 500 Pearl Street, Room 21C, New York, New York, in order to show cause as to why a default judgment should not be entered against them; and



IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order

on Upward Bound, Rudman, and LDA via registered mail, including the attachments, by

April 5, 2010.

SO ORDERED.

Dated:        March 29   , 2010
             New York, New York


_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DONNA De CURTIS,

               Plaintiff,

         v.

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD BOUND TRAVEL, THOMAS
FERRANDINA, SETH RUDMAN, LDA TRAVEL
CORPORATION, and TZELL TRAVEL, LLC,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

09 Civ. 5378 (RJS)

ECF CASE

CLERK'S CERTIFICATE

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that Plaintiff filed the Summons and the Amended Complaint on January 8, 2010, a copy of the Amended Complaint and Summons was served on Defendant Seth Rudman ("Rudman") by serving Rudman personally at his residence on February 6, 2010, and proof of such service thereof was filed on February 24, 2010.

I further certify that the docket entries indicate that Rudman has not filed an answer or otherwise moved with respect to the Amended Complaint herein. The default of Defendant Rudman is hereby noted.

Dated: New York, New York
      March 26, 2010

                           **J. MICHAEL MCMAHON**
                           Clerk of the Court

               By: _____
                      Deputy Clerk

265705 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DONNA De CURTIS,                                      09 Civ. 5378 (RJS)

               Plaintiff,                         ECF CASE

        v.                                             CLERK'S CERTIFICATE

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD    BOUND    TRAVEL,    THOMAS
FERRANDINA, SETH RUDMAN, LDA TRAVEL
CORPORATION, and TZELL TRAVEL, LLC,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

              I, J. Michael McMahon, Clerk of the United States District Court for the

Southern District of New York, do hereby certify that Plaintiff filed the Summons and the

Amended Complaint on January 8, 2010, a copy of the Amended Complaint was served

on Defendant Upward Bound International, Inc. d/b/a Upward Bound Travel ("Upward

Bound") by serving Seth Rudman, owner of Upward Bound, personally at his residence

on February 6, 2010, and proof of such service thereof was filed on February 24, 2010.

              I further certify that the docket entries indicate that Upward Bound has not

filed an answer or otherwise moved with respect to the Amended Complaint herein. The

default of Defendant Upward Bound is hereby noted.

Dated: New York, New York
        March 26, 2010

J. MICHAEL MCMAHON
Clerk of the Court

By: _____
        Deputy Clerk

265704 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DONNA De CURTIS,                                    09 Civ. 5378 (RJS)

                      Plaintiff,                    ECF CASE

        v.                                          CLERK'S CERTIFICATE

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD    BOUND    TRAVEL,    THOMAS
FERRANDINA, SETH RUDMAN, LDA TRAVEL
CORPORATION, and TZELL TRAVEL, LLC,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        I, J. Michael McMahon, Clerk of the United States District Court for the

Southern District of New York, do hereby certify that Plaintiff filed the Summons and the

Amended Complaint on January 8, 2010, a copy of the Amended Complaint and

Summons was served on Defendant LDA Travel Corporation ("LDA") by personally

delivering to and leaving with Carl Voght, authorized agent in the Office of the Secretary

of State, State of New York, on January 25, 2010, and proof of such service thereof was

filed on February 1, 2010.

        I further certify that the docket entries indicate that LDA has not filed an

answer or otherwise moved with respect to the Amended Complaint herein. The default

of LDA is hereby noted.

265706 v1

Dated: New York, New York
       March 26, 2010

                                    **J. MICHAEL MCMAHON**
                                      Clerk of the Court

                                    By: _____
                                                 Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DONNA De CURTIS,

               Plaintiff,

     v.

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD BOUND TRAVEL, THOMAS
FERRANDINA, SETH RUDMAN, LDA TRAVEL
CORPORATION, and TZELL TRAVEL, LLC,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

09 Civ. 5378 (RJS)

ECF CASE

DECLARATION IN SUPPORT
OF DEFAULT JUDGMENT

VALDI LICUL, under penalty of perjury declares:

1.     I am a member of Vladeck, Waldman, Elias & Engelhard, P.C., counsel for the Plaintiff Donna De Curtis ("De Curtis" or "Plaintiff") in the above-entitled action and am fully familiar with all the facts and circumstances heretofore had herein.

2.     Plaintiff brought this action against Defendants Upward Bound International, Inc. d/b/a/ Upward Bound Travel ("Upward Bound"); Thomas Ferrandina ("Ferrandina"); Seth Rudman ("Rudman"); LDA Travel Corporation ("LDA"); and Tzell Travel, LLC ("Tzell") (collectively "Defendants"), for declaratory and monetary relief and damages for injuries Plaintiff has sustained as a result of sex discrimination and retaliation against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); New York State Human Rights Law, Executive Law § 296 et seq. (the "Executive Law"); and the Administrative Code of the City of New York § 8-101 et seq. (the "City Law").

3.     I submit this declaration in support of Plaintiff's motion for a default

judgment against Upward Bound, Rudman and LDA as to liability on Plaintiff's sex discrimination and retaliation claims pursuant to Title VII, the Executive Law, and the City Law.[1]

I.    PROCEDURAL HISTORY

4.    On June 10, 2009, Plaintiff filed the original Summons and Complaint against defendants Upward Bound and Ferrandina. (Dkt. 1) (A copy of the Summons and Complaint is annexed to Plaintiff's Order to Show Cause, dated March 26, 2010 ("OSC") as Exhibit A)

5.    On July 24, 2009, Upward Bound filed its Answer to the Complaint. (Dkt. 10) (OSC at Exhibit B). However, Upward Bound's counsel has since been relieved and the company has not hired new counsel.

6.    On December 17, 2009, the Court granted Plaintiff permission to file an Amended Complaint.  (OSC at Exhibit C)

7.    On January 8, 2010, Plaintiff filed her Amended Complaint ("Am. Compl."), adding as defendants Rudman, LDA and Tzell. (Dkt. 22) (OSC at Exhibit D).

8.    On January 26, 2010, the Court ordered all Defendants to answer or otherwise respond to the Amended Complaint by March 1, 2010.  (Dkt. 24) (OSC at Exhibit E) The Court also directed the parties to appear for a conference on March 11, 2010.

9.    Upward Bound, Rudman and LDA were provided with copies of the Court's Order. On January 27 and February 5, 2010, Plaintiff's counsel sent a copy of the

---

[1]    On October 29, 2009, the Court found Ferrandina in default for his failure to answer or appear.

Order by e-mail to Rudman, an officer of Upward Bound and LDA. On January 27, 2010, Plaintiff's counsel also sent a copy of the Order by Registered Mail to 9 Brookside Drive, Port Washington, New York 11050, which is Rudman's home address and LDA's corporate address. (Copies of the emails and the letter are annexed to the OSC as Exhibit F; a copy of LDA's business address on file with the New York State Department of State is attached to the OSC as Exhibit G)[2]

10.     On January 25, 2010, Plaintiff served LDA by personally delivering to and leaving with an authorized agent in the Office of the Secretary of State, State of New York, copies of the Summons and Amended Complaint; the Court's December 17, 2009 Order granting Plaintiff permission to amend her complaint; the Individual Practices of United States District Judge Richard J. Sullivan; the Individual Practices of United States Magistrate Judge Gabriel W. Gorenstein; and the Electronic Case Filing Rules and Instructions for the Southern District of New York. (Dkt. 25) (OSC at Exhibit H)

11.     On February 6, 2010, Plaintiff served Upward Bound by personally delivering to Rudman, Upward Bound's President, copies of the Summons and Amended Complaint. (Dkt. 30) (OSC at Exhibit I)

12.     On February 6, 2010, Plaintiff served Rudman by personal delivery at his residence, 9 Brookside Drive, Port Washington, New York 11050, copies of the Summons and Amended Complaint; the Court's December 17, 2009 Order granting Plaintiff permission to amend her complaint; the Individual Practices of United States

---

[2]     Plaintiff's counsel sent the Order to seth@theubtgroup.com and UBTRUD@gmail.com. (OSC at Exhibit F). At a December 17, 2009 Court conference, Rudman confirmed that 9 Brookside Drive, Port Washington, New York 11050, was his correct home address and that

District Judge Richard J. Sullivan; the Individual Practices of United States Magistrate Judge Gabriel W. Gorenstein; and the Electronic Case Filing Rules and Instructions for the Southern District of New York. (Dkt. 25) (OSC at Exhibit J)

13. Neither Upward Bound, Rudman nor LDA appeared at the March 1, 2010 conference.

14. Neither Upward Bound, Rudman nor LDA responded to the Amended Complaint by March 1, 2010.

15. On March 26, 2010, the Clerk of the Court certified that Upward Bound, Rudman and LDA have not filed an answer or otherwise moved with respect to the Amended Complaint. (OSC at Exhibit K)

16. Upon information and belief, Rudman is not an infant or incompetent, and was not in the military service of the United States government or on active duty in the military service in the state of New York at the time of service.

II.     DEFAULT JUDGMENT AS TO LIABILITY IS APPROPRIATE

A.      Defendant Upward Bound Travel

17. The Amended Complaint alleges sufficient facts to state claims against Upward Bound for discrimination in violation of the City Law. The Amended Complaint alleges that Plaintiff worked as a travel agent for Upward Bound from August 12, 2003 until April 3, 2008, when Upward Bound fired her. (Am. Compl. ¶¶ 14, 49) During her employment, Plaintiff was subjected to quid pro quo sexual harassment and a hostile work environment by her supervisor Ferrandina. (Id. ¶¶ 18-31) Upward Bound is automatically liable under the City Law

---

UBTRUD@gmail.com was his correct e-mail address. Plaintiff obtained the e-mail address seth@theubtgroup.com from various discovery documents.

for a supervisor's (i.e., Ferrandina's) sexual harassment. See Zakrzewska v. The New School, No. 06 Civ. 5463 (LAK), 2009 WL 252094, at *6 (S.D.N.Y. Jan. 26, 2009) ("[T]he Court holds that Faragher-Ellerth does not apply in [City Law] cases and therefore denies summary judgment dismissing the sexual harassment claim against [defendant]."). [3]

18.     The Amended Complaint also alleges sufficient facts to state a claim against Upward Bound for discrimination under the Executive Law. In particular, Ferrandina sexually harassed Plaintiff for two years before Upward Bound or its owner, Rudman, took any action despite Plaintiff's repeated complaints to Rudman and others. (Id. ¶¶ 32-40)  Upward Bound is liable for Ferrandina's harassment because it failed to take "prompt" action to remedy the sexual harassment. [4]

19.     The Amended Complaint further alleges sufficient facts to establish that Upward Bound engaged in a continuous course of retaliatory conduct, culminating in Plaintiff's discharge, in violation of Title VII, the Executive Law and the City Law. (Am. Compl. ¶¶ 41-50)

20.     Moreover, a default judgment against Upward Bound is appropriate because it has not hired new counsel to defend itself in this action. On December 7, 2009, the Court granted the motion of Daniel M. Tanenbaum, Esq. to be relieved as Upward Bound's

---

[3]     The Second Circuit has certified this question to the New York Court of Appeals. Zakrzewska, 574 F.3d 24, 28 (2d Cir. 2009).

[4]     See Ribis v. Mike Barnard Chevrolet-Cadillac, Inc., 468 F. Supp. 2d 489, 503-04 (W.D.N.Y. 2007) (denying summary judgment where there was a dispute as to whether plaintiff complained, and, if she did, whether defendant took prompt remedial action); Pugni v. Reader's Digest Assoc., Inc., No. 05 Civ. 8026 (CM), 2007 WL 1087183, at *1, *18-19 (S.D.N.Y. Apr. 9, 2007) (denying summary judgment where there was evidence showing that defendant failed to address the harassment for approximately six months despite plaintiff's complaints).

counsel. (OCS at Exhibit L) The Court had already notified Upward Bound that as a corporation it could not appear pro se. (OSC at Exhibit M) Upward Bound has not hired new counsel nor has it notified the Court that it intends to do so.

21. As discussed above, Upward Bound has not responded to the Amended Complaint and has not hired counsel, and, therefore, it has defaulted. Plaintiff seeks a default judgment against Upward Bound as to liability on Plaintiff's (a) sex discrimination claims under the Executive Law and the City Law and (b) retaliation claims under Title VII, the Executive Law and the City Law.[5]

B.    Defendant Seth Rudman

22. The Amended Complaint sufficiently alleges claims against Rudman pursuant to the Executive Law and the City Law.[6] Under the Executive Law and the City Law, an individual may be personally liable as an employer "for the discriminatory conduct of other employees if that individual has an ownership interest." Jowers v. DME Interactive Holdings, Inc., No. 00 Civ. 4753 (LTS)(KNF), 2006 WL 1408671, at *14 (S.D.N.Y. May 22, 2006); see Bonner v. Guccione, No. 94 Civ. 7735 (DLC), 1997 WL 362311, at *15 (S.D.N.Y. July 1, 1997) (individual liable under Executive Law "even absent a finding of active participation"). Here, Rudman owns Upward Bound.

23. In addition, where an individual "actually participates" in the sexual harassment or unlawful unemployment decision, he may be found individually liable for aiding and abetting an unlawful employment action pursuant to the Executive Law § 296(6) and the

---

[5]    Plaintiff is withdrawing her Title VII hostile work environment claim against Upward Bound.

[6]    Plaintiff does not assert Title VII claims against Rudman.

City Law § 8-107(6).  Feingold v. New York, 366 F.3d 138, 157-59 (2d Cir. 2004).  The

Amended Complaint alleges that Rudman "actually participated" in both the sexual harassment

and retaliation.  (Am. Compl. ¶¶ 69, 76, 83, 91)  The Amended Complaint alleges that

"Rudman was aware of Ferrandina's [sexual harassment] but did not take any action."

(Id. ¶¶ 35)[7]  Plaintiff also alleges that Rudman began a campaign of retaliation and that he

fired her for complaining about Ferrandina's conduct.  (Id. ¶¶ 41-50)[8]  Thus, Rudman is

liable for the sex discrimination and retaliation alleged in the Amended Complaint pursuant to

the Executive Law and the City Law.

          24.     As discussed above, Rudman has not responded to the Amended

Complaint and, therefore, he has defaulted.  Plaintiff seeks a default judgment against Rudman

as to liability on Plaintiff's sex discrimination and retaliation claims under the Executive

Law and the City Law.

         C.     Defendant LDA Travel

          25.     The Amended Complaint alleges that LDA is a legal successor to Upward

Bound.  (Am. Compl. ¶ 10)  "[A]n aggrieved employee [may] hold a successor corporation liable

for its predecessor's illegal employment actions under Title VII upon a showing of a substantial

continuity of identity in the business enterprise before and after the change."  EEOC v. Nichols

---

[7]     See McArdle v. Arms Acres, Inc., No. 03 Civ. 5721 (PGG), 2009 WL 755287, at *13 (S.D.N.Y. Mar. 23, 2009) (internal citations and quotations omitted) ("[A] supervisor's failure to take adequate remedial measures can rise to the level of actual participation under [Section 296.6].").

[8]     See Mitra v. State Bank of India, No. 03 Civ. 6331 (DAB), 2005 WL 2143144, at *7 (S.D.N.Y. Sept. 6, 2005) (finding that plaintiff's proposed amendment "would satisfy the actual participation prerequisite for individual liability under the [Executive Law] and the [City Law]" where plaintiff alleged that individuals "were personally involved in the decision to terminate her and replace her with a younger male employee").

Gas & Oil, Inc., 518 F. Supp. 2d 505, 511 (W.D.N.Y. 2007) (internal quotation marks and citations omitted). The factors a court must consider are "(1) whether the successor had notice of the claim prior to the acquisition; (2) whether the successor substantially continued the business operations of its predecessor following the acquisition; and (3) whether the predecessor is able to provide the relief sought." Id. at 512. "No one factor is controlling, and it is not necessary that each factor be met to find successor liability." Id.

26.     The Amended Complaint alleges that, while this action was pending, Upward Bound ceased its operations. (Am. Compl. ¶ 51) Rudman started a new company, LDA, and entered into an agreement with Tzell. (Id.) Through this agreement, Rudman and Upward Bound transferred all of Upward Bound's business operations to LDA and Tzell acting as a single, integrated entity. (Id. ¶¶ 51-53)

27.     The Amended Complaint further alleges that LDA, with Tzell, substantially continued Upward Bound's business operations, by serving as a travel agency for Upward Bound's clients; retaining Upward Bound's employees to service these clients; and having the Upward Bound employees perform similar duties as they had during their employment at Upward Bound under similar working conditions and using similar methods. (Am. Compl. ¶ 53)[9]

---

[9]    See Fennell v. TLB Plastics Corp., No. 84 Civ. 8775 (LLS), 1989 WL 88717, at *3 (S.D.N.Y. July 28, 1989) (continuity of operations prong satisfied where predecessor and successor companies manufactured same product and nearly all employees from predecessor's plant were transferred to successor's plant); EEOC v. Sage Realty Corp., 507 F. Supp. 599, 612 (S.D.N.Y. 1981) (continuity of operations prong satisfied where, inter alia, successor entity continued to provide the same services and hired over 90 percent of predecessor's employees, who performed essentially the same duties working under the same supervisor).

28.    In addition, the Amended Complaint alleges that LDA had notice of the lawsuit through Rudman, who owned both Upward Bound and LDA. (Am. Compl. ¶ 9)[10] Also Upward Bound, as a shell corporation, cannot provide monetary relief to Plaintiff. (Id. ¶ 55)[11] Accordingly, LDA is a legal successor to Upward Bound and liable for Upward Bound's discrimination and retaliation. See Nichols Gas & Oil, 518 F. Supp. 2d at 511.

29.    As discussed above, LDA has not appeared in this action and, therefore, it has defaulted. Plaintiff seeks a default judgment against LDA as to liability on Plaintiff's (a) sex discrimination claims under the Executive Law and the City Law and (b) retaliation claims under Title VII, the Executive Law and the City Law.[12]

III.    DEFAULT JUDGMENT ON LIABILITY AGAINST
FEWER THAN ALL DEFENDANTS IS APPROPRIATE

30.    Although the default is applicable to fewer than all of the Defendants, the Court may appropriately order a default judgment on the issue of liability against Rudman, LDA, and Upward Bound prior to resolution of the entire action.

31.    Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment shall be entered if a defendant has failed to plead or otherwise defend an action. Rule 54(b) of the Federal Rules of Civil Procedure permits final judgment "as to one or more but

---

[10]    See Fennell, 1989 WL 88717, at *3 (successor had notice of employee's claims through the employee's supervisor at the predecessor company); Sage Realty, 507 F. Supp. at 612 (finding constructive notice of discrimination claim where successor company hired predecessor's president as a consultant).

[11]    E.E.O.C. v. Nichols Gas & Oil, Inc., No. 05 Civ. 6482 (CJS)(MWP), 2010 WL 175158, at *9 (W.D.N.Y. Jan. 14, 2010) (finding that predecessor was not able to provide relief because it was essentially insolvent when parties filed cross motions seeking determination as to successor liability).

[12]    Plaintiff is withdrawing her Title VII sex discrimination claim against LDA.

fewer than all of the claims or parties upon an express determination that there is no just reason for delay . . . ."

       32.    Pursuant to Rules 54(b) and 55(b) of the Federal Rules of Civil Procedure, "[i]n a case . . . where plaintiff seeks joint and several liability against several defendants, the court may enter a default judgment against any defendants who default by failing to appear." Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992).[13]

       33.    Joint or common liability "'means that each tortfeasor is entirely responsible for the damage resulting from that concerted conduct.'" Lite-Up Corp., 1999 WL 436563, at *3 (quoting In re Uranium Antitrust Litig., 617 F.2d, 1248, 1257 (7th Cir. 1980)). Thus, "the liability of each party is dependent on the liability of the other – that is, that it would be logically inconsistent for one to be held liable while the other is not." Id. In contrast, in joint and several liability cases, "two distinct potentials for liability coexist in a single claim." In re Uranium Antitrust Litig., 617 F.2d at 1257. If all defendants are found liable, then the plaintiff

---

[13]    See Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n.4 (2d Cir. 1976) (default judgment appropriate where defaulting defendant's "liability" did not "depend upon that of any of his co-defendants"); Int'l Gemmological Institute, Inc. v. Rafaeil, No. 05 Civ. 2395 (JGK)(JCF), 2005 WL 3880222, at *2 (S.D.N.Y. Aug. 17, 2005) (Report & Recommendation adopted by 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006)) ("[In joint and several liability cases,] [s]ince each defendant is accused of individually causing the entire injury, it would not be inconsistent to hold some but not all defendants liable. . . . Therefore, . . . the court may enter a default judgment against any defendant that fails to appear."); Kidd v. Andrews, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004) (granting plaintiff's motion for a default judgment against individual defendant as to liability only); Cole v. N.Y. State Dep't of Corr. Servs., No. 97 Civ. 0477E(M), 1999 WL 1067588, at *1 (W.D.N.Y. Nov. 15, 1999) ("While there always is a question in a multi-defendant case as to the appropriateness of a default judgment against a single defendant . . . where the cause of action triggers joint and several liability, such disposition is permitted."); Lite-Up Corp. v. Sony Music Entm't, Inc., No. 97 Civ. 1546 (KTD)(MHD), 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) ("[I]f the liability sought to be imposed is joint and several rather than joint, most courts have held that the rationale of Frow does not directly apply, since it would not be inconsistent to hold some but not all defendants liable."); Garafola v. Ecker Restoration Corp., No. 94 Civ. 7999 (CSH)(MHD), 1996 WL 312346, at *2 (S.D.N.Y. June 10, 1996) (same).

can "seek to satisfy its judgment and damages award against all the defendants, or single out one [of the defendants]. But at the same time, only a small group of the defendants might be found [liable], and the remaining defendants would be exonerated." Id. A "finding of liability as to [some] defendants is not inconsistent with a finding of no liability as to the other [defendants], because liability is potentially 'several' as well as 'joint.'" Id.

34. Here, Plaintiff seeks joint and several liability, rather than joint liability, against the Defendants for sex discrimination and retaliation in violation of Title VII, the Executive Law and the City Law. It is "conceivable" that the defaulting defendants, including Rudman, LDA, and Upward Bound, could be found liable for sexual harassment and retaliation regardless of whether Tzell, the non-defaulting defendant, is found liable. Lite-Up Corp., 1999 WL 436563, at *3.

35. The Amended Complaint alleges that Upward Bound and Rudman subjected Plaintiff to discrimination and harassment. Tzell can be held liable only if it is determined to be a successor to Upward Bound. Thus, it is not inconsistent for Upward Bound and Rudman to be held liable but not Tzell.

36. In addition, it is possible for the Court to conclude that LDA is a successor company to Upward Bound and therefore liable for the acts of its predecessor, but that Tzell is not. As Tzell has argued, a factfinder might conclude that Upward Bound transferred its business operations only to LDA, and that Tzell merely functioned as an "independent contractor" providing back office services to LDA and its clients. (OSC at Exhibit O) In its letter to the Court dated February 25, 2010, Tzell contends that "Tzell and LDA were separate entities, not a single integrated entity, Tzell was not a successor to either LDA or Upward Bound, and Upward Bound's operations were not transferred to Tzell." (Id. at 3) During the pre-

265644 v2                                                                         11

motion conference on March 11, 2010, Tzell asserted that the Amended Complaint alleged that "the alter ego is LDA, it's not Tzell." (Transcript of the March 11, 2010 Conference before The Honorable Richard J. Sullivan, at 4; is attached as Exhibit N)

37. Thus, the liability of Rudman, LDA, and Upward Bound are not "necessarily" dependent on the liability of Tzell. Farberware, Inc. v. Groben, No. 89 Civ. 6240 (PKL)(MHD), 1991 WL 123964, at *4 (S.D.N.Y. July 3, 1991) (plaintiff's wiretap claim sought joint and several liability against defendants where liability against defaulting defendants was not "necessarily dependent upon the liability of the non-defaulting defendant" and "relief could consistently be awarded against some but not all of the defendants").

38. Moreover, Plaintiff "seeks damages, which could be awarded solely against one defendant." Lite-Up Corp., 1999 WL 436563, at *3. Here, Plaintiff seeks money damages to make her whole for the sexual harassment and retaliation. The relief Plaintiff seeks could be awarded consistently against Rudman, LDA, and Upward Bound but not Tzell.

39. Accordingly, liability against Defendants is joint and several, and entry of default judgment against the defaulting defendants, Rudman, LDA, and Upward Bound, as to liability is appropriate.[14]

---

[14]     See Int'l Gemmological Institute, 2005 WL 3880222, at *2 (theory of recovery premised on joint and several liability where "each defendant is accused of individually causing the entire injury"); Cole, 1999 WL 1067588, at *1 (finding that cause of action "triggered" joint and several liability where plaintiff alleged that defendant conspired to deprive plaintiff of his civil rights and entering default judgment against defendant that failed to appear); Montcalm Publ'g, 807 F. Supp. at 978 ("[Plaintiff] claims joint and several liability in this case, alleging that all of the defendants acted together in a scheme to defraud. In such a case, the amount of damages which plaintiff may recover from defaulting and non-defaulting defendants should not differ.").

## IV.   A DEFAULT JUDGMENT ON THE ISSUE OF DAMAGES IS PREMATURE

40.    Most courts have held that, "even if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." Farberware, 1991 WL 123964, at *3.[15] For efficiency purposes, "'the district court when possible should consolidate the Rule 55(b)(2) hearing required for the assessment of the defaulting party's liability with the damage aspect of the trial against the non-defaulting party.'" Id. (quoting 6 Moore's Federal Practice ¶ 55.06 at 55-42 n.17 (2d ed. 1988)). Accordingly, a determination of damages on Plaintiff's claims against Rudman, LDA, or Upward Bound should await disposition of the same claims against Tzell.

41.    Plaintiff will provide details and supporting documentation regarding her damages when the Court conducts an inquest to calculate her damages, unless the Court requests this information at an earlier time.

---

[15]    See Anthracite Funding, LLC v. Bethany Holdings Group, LLC, No. 09 Civ. 1604 (PGG)(AJP), 2009 WL 1514317, at *1 (S.D.N.Y. June 1, 2009) (same); Kidd, 340 F. Supp. 2d at 338 (same); Lite-Up Corp., 1999 WL 436563, at *2 (same); Montcalm Publ'g, 807 F. Supp. at 978 (same). But see Int'l Gemmological Institute, 2005 WL 3880222, at *2-3 (concluding that assessment of damages was not "premature").

13

V.      AN INQUEST WILL BE NECESSARY TO CALCULATE DAMAGES

42.     Where a plaintiff seeks "unliquidated" damages, "the Court is required to conduct an inquest to determine the amount of damages appropriate."  Wilson v. Car Land Diagnostics Ctr., Inc., No. 99 Civ. 9570 (GEL), 2001 WL 1491280, at *4 (S.D.N.Y. Nov. 26, 2001).  Here, Plaintiff does not seek a sum certain from Rudman, LDA, or Upward Bound; Plaintiff seeks back and front pay, emotional distress damages, punitive damages, and attorneys fees and costs.  Accordingly, an inquest concerning Plaintiff's damages will be necessary.

WHEREFORE, deponent respectfully requests an order directing the entry of judgment in favor of the Plaintiff and against Rudman as to liability on Plaintiff's sex discrimination and retaliation claims under the Executive Law and the City Law; and

WHEREFORE, deponent respectfully requests an order directing the entry of judgment in favor of the Plaintiff and against LDA as to liability on Plaintiff's (a) sex discrimination claims under the Executive Law and the City Law and (b) retaliation claims under Title VII, the Executive Law and the City Law; and

WHEREFORE, deponent respectfully requests an order directing the entry of judgment in favor of the Plaintiff and against Upward Bound as to liability on Plaintiff's (a) sex discrimination claims under the Executive Law and the City Law and (b) retaliation claims under Title VII, the Executive Law and the City Law.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2010, in New York, New York.

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

By: _____

Valdi Licul
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300