UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DONNA De CURTIS,

                           Plaintiff,

          v.

UPWARD BOUND INTERNATIONAL, INC. d/b/a
UPWARD BOUND TRAVEL, THOMAS
FERRANDINA, SETH RUDMAN, LDA TRAVEL
CORPORATION, and TZELL TRAVEL, LLC,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

09 Civ. 5378 (RJS) (GWG)

ECF Case

==================================================================
PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR ATTORNEYS' FEES AND COSTS
==================================================================

VLADECK, WALDMAN, ELIAS
  & ENGELHARD, P.C.
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York  10036
(212) 403-7300

Of Counsel:
     Valdi Licul
     Jeremiah Iadevaia

270173 v1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 2

     I.     PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS REASONABLE .......... 2

          A.     Applicable Law .................................................................................... 2

          B.     The Lodestar Is Reasonable .................................................................. 4

          C.     The Requested Hourly Rates Are Reasonable ......................................... 5

          D.     The Hours for Which Compensation Is Requested Are Reasonable .......... 7

          E.     Case-Specific Variables ........................................................................ 8

     II.     THE COSTS ARE REASONABLE .................................................................. 10

CONCLUSION ...................................................................................................................... 11

**TABLE OF AUTHORITIES**

**CASES**

Allapattah Servs. Inc. v. Exxon Corp.,
    454 F. Supp. 2d 1185 (S.D. Fla. 2006) .................................................................. 10

Altman v. Port Auth. of N.Y. and N.J.,
    879 F. Supp. 345 (S.D.N.Y. 1995) ....................................................................... 10

Anderson v. City of N.Y.,
    132 F. Supp. 2d 239 (S.D.N.Y. 2001).................................................................... 11

Arbor Hill Concerned Citizens Neighborhood Assoc. v.
Cty. of Albany and Albany Cty. Bd. of Elec.,
    522 F.3d 182 (2d Cir. 2008) ..............................................................................3, 4, 8

Blum v. Stenson,
    465 U.S. 886 (1984)........................................................................................... 5, 6

Chin v. RCN Corp.,
    No. 08 Civ. 7349, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010)....................................... 7

City of Detroit v. Grinnell Corp.,
    560 F.2d 1093 (2d Cir. 1977) ................................................................................. 5

Cowan v. Prudential Ins. Co. of Am.,
    935 F.2d 522 (2d Cir. 1991) ................................................................................... 2

Dailey v. Societe Generale,
    915 F. Supp. 1315 (S.D.N.Y. 1996)........................................................................ 11

Gierlinger v. Gleason,
    160 F.3d 858 (2d Cir. 1998) ................................................................................... 6

Gisbrecht v. Barnhart,
    535 U.S. 789 (2002))............................................................................................ 2

Goldberger v. Integrated Res., Inc.,
    209 F.3d 43 (2d Cir. 2000).................................................................................... 6

Grant v. Martinez,
    973 F.2d 96 (2d Cir. 1992)................................................................................... 10

Gusman v. Unisys Corp.,
    986 F.2d 1146 (7th Cir. 1993) ............................................................................... 6

Harris v. Marhoefer,
    24 F.3d 16 (9th Cir. 1994)...................................................................................... 11

Hensley v. Eckerhart,
    461 U.S. 424 (1983)....................................................................................... 3, 5

Johnson v. Ga. Highway Express, Inc.,
    488 F.2d 714 (5th Cir. 1974).................................................................2, 3, 4, 8

LeBlanc-Sternberg v. Fletcher,
    143 F.3d 748 (2d Cir. 1998)................................................................................ 10

Mendoza v. City of Rome,
    162 F.R.D. 260 (N.D.N.Y. 1995) ...................................................................... 10

Missouri v. Jenkins,
    491 U.S. 274 (1989)............................................................................................ 6

Morris v. Eversley,
    343 F. Supp. 2d 234 (S.D.N.Y. 2004)............................................................... 11

New York Gaslight Club, Inc. v. Carey,
    447 U.S. 54 (1980).............................................................................................. 9

Pennsylvania v. Del. Valley Citizens' Council for Clean Air,
    478 U.S. 546 (1986)........................................................................................ 3, 4

Perdue v. Kenny A.,
    --- U.S. ---, 130 S. Ct. 1662 (2010)....................................................2, 3, 4, 5

Quarantino v. Tiffany & Co.,
    166 F.3d 422 (2d Cir. 1999) ............................................................................... 4

Reichman v. Bonsignore, Brignati & Mazzotta P.C.,
    818 F.2d 278 (2d Cir. 1987) ............................................................................. 10

Reiter v. MTA N.Y. City Trans. Auth.,
    457 F.3d 224 (2d Cir. 2006) ............................................................................... 6

Ressler v. Jacobson,
    149 F.R.D. 651 (M.D. Fla. 1992) ..................................................................... 10

Rozell v. Ross-Holst,
    576 F. Supp. 2d 527 (S.D.N.Y. 2008)..............................................................6, 7, 8, 11

Scott v. City of N.Y.,
	No. 02 Civ. 9530, 2009 WL 2610747 (S.D.N.Y. Aug. 25, 2009) ..................................... 7

Simmons v. N.Y. City Transit Auth.,
	575 F.3d 170 (2d Cir. 2009) ............................................................................................. 5

Skold v. Am. Int'l Group, Inc.,
	No. 96 Civ. 7137, 1999 WL 672546 (S.D.N.Y. Aug. 25, 1999) ..................................... 11

Smith v. Voorhees Coll.,
	Civil Action No. 5:05-1911, 2008 WL 2627471 (D.S.C. June 27, 2008) ......................... 9

Vikhu v. City of N.Y.,
	No. 06 CV 2095, 2009 WL 1851019 (E.D.N.Y. June 26, 2009)
	reversed on other grounds, 372 Fed. Appx. 222 (2d Cir. 2010) ....................................... 7

**STATUTES**

42 U.S.C. § 2000e-5(k) ..............................................................................................1, 2, 10

Administrative Code of the City of New York § 8-107 et seq. ...................................................... 1

Administrative Code of the City of New York § 8-502(f) ...................................................... 1, 2

New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ............................................ 1

PRELIMINARY STATEMENT

Plaintiff Donna DeCurtis ("DeCurtis" or "Plaintiff") has prevailed on her sex discrimination and retaliation claims brought against Defendants Upward Bound International, Inc., d/b/a Upward Bound Travel ("UBT"), Thomas Ferrandina ("Ferrandina"), Seth Rudman ("Rudman")  and LDA Travel Corp. ("LDA") (collectively "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. (the "Executive Law"); and the Administrative Code of the City of New York, § 8-107 et seq. ("City Law").  In particular, after a significant period of discovery, this Court granted Plaintiff's motion for default judgments against these defendants.[1]  Plaintiff now moves for attorneys' fees and costs pursuant to Title VII, 42 U.S.C. § 2000e-5(k), and the City Law, N.Y.C. Admin. Code § 8-502(f).

Plaintiff has provided detailed contemporaneous records of the time spent by counsel in connection with this case.  In this application, Plaintiff seeks attorneys' fees and costs from inception of the case through the date of this application.  In addition, significant amounts of time have been excluded in the exercise of billing discretion.  (See Declaration of Valdi Licul in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Licul Decl.") ¶ 33). Accordingly, the attorneys' fees and costs sought herein are reasonable and appropriate.

---

[1]      Currently before the Court are Plaintiff's submissions to determine the amount of damages she should be awarded.  In the interest of brevity, the facts underlying Plaintiff's claims are detailed in those submissions and incorporated herein.

ARGUMENT

I.      PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS REASONABLE

      A.      Applicable Law

In an action under Title VII or the City Law, a prevailing plaintiff should be granted reasonable attorneys' fees and costs.  See 42 U.S.C. § 2000e-5(k); N.Y.C. Admin. Code § 8-502(f).   "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  Perdue v. Kenny A., --- U.S. ---, 130 S. Ct. 1662, 1672 (2010).  The Supreme Court has recently reaffirmed the use of the lodestar method for determining the reasonable fee award.  Id. ("[t]he 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (quoting Gisbrecht v. Barnhart, 535 U.S. 789 (2002)) (citations omitted).  Under the lodestar method, the plaintiff's reasonable fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Cowan v. Prudential Ins. Co. of Am., 935 F.2d 522, 524 (2d Cir. 1991). While the "lodestar method was never intend to be conclusive in all circumstances,"  "there is a 'strong' presumption that the lodestar figure is reasonable."  Kenny A., 130 S. Ct. at 1673.

In discussing the appropriate methodology for determining a fee award, the Supreme Court in Kenny A. compared the preferred lodestar approach with the method set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), which requires a court to balance twelve factors in determining a proper fee award.[2]  The Supreme Court was critical of

---

[2]     The twelve Johnson factors are:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

the Johnson approach because it "gave very little guidance to district courts" and permitted

courts to set "attorneys' fees by reference to a series of sometimes subjective factors [that] placed

unlimited discretion in trial judges and produced disparate results." Kenny A., 130 S.Ct. at 1672

(quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986)).

In contrast, the Supreme Court enumerated the "important virtues" of the lodestar approach:

> First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to the prevailing market rates in the relevant community.  Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administratable; and unlike the Johnson approach, the lodestar calculation is "objective," and thus cabins the discretion of trial judges, permits meaningful review, and produces reasonably predictable results.

Id. (emphasis in original) (internal citations omitted).

The Supreme Court's decision in Kenny A. thus casts serious doubt on the fee

methodology adopted by the Second Circuit in Arbor Hill Concerned Citizens Neighborhood

Assoc. v. Cty. of Albany and Albany Cty. Bd. of Elec., 522 F.3d 182 (2d Cir. 2008).  In Arbor

Hill, the Second Circuit abandoned the use of the term "lodestar" and instructed courts to "bear

in mind all of the case specific variables" involved in determining an appropriate fee, including

the Johnson factors and others.[3]  Arbor Hill, 522 F.2d at 190 (emphasis in original).   Thus,

---

> obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

[3]      In addition to the Johnson factors, Arbor Hill also directed courts to "bear in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively" and to "consider that [the client] might be able to negotiate with his or her attorneys, using their

Arbor Hill's subjective, multi-factored methodology is a significant departure from the Supreme

Court's mandate that courts render objective fee decisions based on prevailing market rates in the

relevant community.[4]

Accordingly, Plaintiff respectfully requests that the Court apply the traditional

lodestar method in considering her fee request.  However, even under the modified methodology

of Arbor Hill, the requested fee award is reasonable.

As a threshold matter, Plaintiff here obtained substantial success in this matter.

She contended that Defendants created a sexually hostile work environment and then retaliated

against her for her complaints about discrimination.  Plaintiff was able to obtain judgments

against two individuals and two corporate defendants on virtually all of her discrimination and

retaliation claims. [5]  While these Defendants defaulted at various points in these proceedings,

Plaintiff was still required to conduct significant discovery to identify appropriate defendants and

to provide the court with a sound basis to rule in her favor and to support her request for

damages.  Plaintiff thus seeks recovery for time spent by counsel and legal personnel that was

necessary for her ultimate success.

B.     The Lodestar Is Reasonable

There is a "strong" presumption that the lodestar figure represents a reasonable

fee.  Kenny A., 130 S. Ct. at 1673; Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.

1999) (quoting Del. Valley, 478 U.S. at 565).  In accordance with the lodestar calculations,

---

desire to obtain reputational benefits that might accrue from being associated with the case." 522
F.3d at 190.

[4]     Of course, the Second Circuit did not have the benefit of the Supreme Court's decision in
Kenny A. at the time it decided Arbor Hill.

[5]     Plaintiff withdrew her sexual harassment claim under Title VII.  However, she is entitled
to the same, if not more, relief for prevailing on the same claim under the state and city laws.

Plaintiff's claim for fees is the product of a reasonable number of hours expended multiplied by an appropriate hourly rate.  Hensley, 461 U.S. at 433.  In light of the quality of representation provided during these proceedings and the positive results achieved, this figure represents a reasonable award.  In addition, Plaintiff has exercised billing judgment to ensure that the hours claimed are reasonable and do not reflect duplication of effort.  (Licul Decl. ¶ 33)

The time spent by Plaintiff's lawyers in this case is described in the Licul Decl. and the Vladeck, Waldman, Elias & Engelhard, P.C. ("the Vladeck Firm") contemporaneous time records attached thereto.  (Licul Decl., Ex. C)  Plaintiff requests attorneys' fees for Valdi Licul ("Licul"), who was lead counsel in this case, and Jeremiah Iadevaia ("Iadevaia") who was co-counsel throughout the litigation.  As evidenced by the contemporaneous time records of Plaintiff's counsel, this case was reasonably staffed.  The Licul Decl. and its exhibits provide a detailed overview of the tasks that were required to bring this action to a successful resolution for Plaintiff.

C.      The Requested Hourly Rates Are Reasonable

A reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to . . . as the prevailing market rate."  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); see Kenny A., 130 S. Ct. at 1672 (noting that the aim of fee-shifting statutes is to approximate "the prevailing market rates in the relevant community") (citation omitted); Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009) ("district courts are directed to calculate attorneys' fees based on the rates prevalent in the forum in which the litigation was brought"); City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir. 1977) (courts look to "the hourly rate normally charged for similar work by attorneys of like skill in the area"), abrogated on other

270173.1

5

grounds by, Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000).  Among the factors to be considered in the assignment of hourly rates are the quality of representation and the experience and special skill of the attorney.  See Blum, 465 U.S. at 898-99.  Rates are awarded at the hourly rate that is current at the time of the award to account for the delay between the time services are rendered and the fees recovered.  Reiter v. MTA N.Y. City Trans. Auth., 457 F.3d 224, 232 (2d Cir. 2006); see Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (remanding case for calculation at current, not former, hourly rate even though some delay was attributable to the requesting party) (citing Missouri v. Jenkins, 491 U.S. 274, 284 (1989)).

Here, the fee calculation uses an hourly rate of $550 for Licul, $275 for Iadevaia, $125 for law clerks and $100 for paralegals.  These rates are reasonable based on prevailing rates in the Southern District of New York, and are appropriate to the level of skill of the attorneys and legal staff who worked on Plaintiff's behalf.  As explained in the Licul Decl., the Vladeck Firm has extensive experience in employment litigation, typically bills clients by the hour and charges $500 to $750 per hour for partner time.  (Licul Decl. ¶¶ 19, 23)  These rates are well within the range recognized in the legal community.  (Licul Decl. ¶ 29, Ex. B).  Moreover, the Vladeck Firm bills $550 per hour for Licul, the lead attorney in this matter, who has approximately 15 years' experience in civil rights work, including employment litigation.  (Licul Decl.¶ 23)  Indeed, numerous clients of the Vladeck Firm have paid this hourly rate for Licul over the last year.  (Licul Decl. ¶ 23); see Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) ("[R]ates that plaintiff's counsel actually charge their clients [are] obviously strong evidence of what the market will bear."); Gusman v. Unisys Corp., 986 F.2d 1146, 1160 (7th Cir. 1993) ("[T]he best measure of the cost of an attorney's time is what the attorney could earn from paying clients.").

In addition, these rates are consistent with other judicially-awarded rates.  See

Chin v. RCN Corp., No. 08 Civ. 7349, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010) (finding that

a  "blended hourly rate" of "roughly $605" is "roughly in line with what is typically considered

reasonable in this district"); Vikhu v. City of N.Y., No. 06 CV 2095, 2009 WL 1851019, at *5

(E.D.N.Y. June 26, 2009) (noting evidence of three affidavits from law firms in the Southern

District with extensive experience in civil rights law that associates' hourly rates range from

$200 to $450 and partners' rates from $400 to $900), reversed on other grounds, 372 Fed. Appx.

222 (2d Cir. 2010); Rozell, 576 F. Supp.2d 544-46 (S.D.N.Y. 2008) (noting that it is reasonable

to award hourly rates of $600 for partners, $350 for senior associates, $250 for junior associates,

$175 for law clerks and $125 for paralegals).

D.      The Hours for Which Compensation Is Requested Are Reasonable

The time spent by Plaintiff's lawyers in this case is described in the Licul Decl.

and contemporaneous time records attached thereto. (Licul Decl. ¶¶ 3-18, Ex. C)  As evidenced

by the contemporaneous time records, this case was reasonably staffed.  These records fully meet

the requirement to "specify, for each attorney, the date, the hours expended, and the nature of the

work done." Scott v. City of N.Y., No. 02 Civ. 9530, 2009 WL 2610747 at *1 (S.D.N.Y. Aug.

25, 2009).

Moreover, it cannot be argued that any of these hours was spent pursuing claims

or taking positions that were unreasonable, or that Plaintiff's counsel was unnecessarily

contentious in pursuing this matter.  See Rozell, 576 F. Supp. 2d at 538 (reducing counsel's

compensable time by 50 hours for pursuing claims that were "unreasonable, unsuccessful, or

untimely" and for taking positions that were unnecessarily contentious).  Here, counsel's efforts

have resulted in Plaintiff successfully adding additional defendants to the lawsuit, rebuffing a

motion to dismiss her Amended Complaint, resolving her claims against one Defendant and obtaining default judgments against the others.

Nevertheless, in the exercise of billing discretion, counsel reduced the total hours expended. Moreover, in accordance with the practice of the Vladeck Firm to utilize the least expensive level of personnel where appropriate and consistent with the highest professional standards, law clerks and paralegals were utilized whenever possible. (Licul Decl. ¶ 31) For example, Iadevaia ($275/hour) performed approximately two-thirds of the attorney work on this matter. Similarly, much of the legal research was conducted by law clerks ($125/hour) while much of work relating to the approximately 35,000 pages of documents was performed by paralegals ($100/hour). See Rozell, 576 F. Supp. 2d at 541 (compensating prevailing plaintiff for paralegal work "including . . . labeling trial exhibits and preparing witness binders"). In short, the Vladeck Firm has acted efficiently in prosecuting this matter.

E.      Case-Specific Variables

To the extent the Court utilizes the fee methodology outlined in Arbor Hill, a consideration of the Johnson factors tips decidedly in favor of Plaintiff's fee request. Some of these factors have been addressed above. (See supra 6-8 (discussing the experience, reputation, and ability of counsel; counsel's customary hourly rate; and awards in similar cases)).

As set forth in the accompanying Declaration, Plaintiff's counsel, who have extensive experience in this field, expended a substantial amount of time and effort pursuing Plaintiff's claims while the defaulting Defendants attempted to avoid responsibility by altering their corporate identity in the middle of this litigation. In particular, the Vladeck Firm

represented Plaintiff in administrative proceedings before the EEOC;[6] engaged in extensive discovery requiring review of approximately 35,000 pages of documents and preparation for the depositions of approximately ten witnesses; exchanged correspondence with respect to discovery disputes; successfully amended Plaintiff's complaint to add additional defendants identified during discovery; successfully moved for default judgment against four Defendants while resolving Plaintiff's claims against the remaining Defendant; made submissions in support of Plaintiff's damages; and conducted an inquest.  Indeed, the successor liability issues presented difficult questions that required considerable research and discovery.

Another factor that weighs in favor of the reasonableness of the instant fee request is that the Vladeck Firm represented Plaintiff on a contingent-fee basis.  (Licul Decl. ¶ 24)  Thus, while the firm typically bills clients by the hour (Licul Decl. ¶ 23), the contingent fee arrangement could have resulted in Plaintiff's counsel working on this matter for more than two years while recovering nothing.

In addition, while Plaintiff's counsel obviously does not agree, it has been noted that "[m]any attorneys consider employment cases to be undesirable due to the fact that they require special expertise and have many risks."  Smith v. Voorhees Coll., Civil Action No. 5:05-1911, 2008 WL 2627471, at *5 (D.S.C. June 27, 2008).  Such undesirability may have been particularly acute in this matter because of the corporate defaulting Defendants' attempts to conceal their corporate identities.

Moreover, the Vladeck Firm did not have a working relationship with Plaintiff prior to this matter.  Thus, the firm had to forge a close relationship with Plaintiff over more than

---

[6]     In New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980), the Supreme Court ruled that counsel may be awarded fees for time spent in connection with federal or state administrative proceedings.

two years to successfully prosecute her case.  Both the fact that Plaintiff was not a prior client of

the firm and the long and close cooperation during the litigation are circumstances that courts

have weighed in favor of a higher fee award.  Allapattah Servs. Inc. v. Exxon Corp., 454

F. Supp. 2d 1185, 1216 (S.D. Fla. 2006) (plaintiff's lack of "track record" with firm favors higher

award); Ressler v. Jacobson, 149 F.R.D. 651, 655 (M.D. Fla. 1992) (same).

Finally, with respect to the degree of Plaintiff's success, the Court has not yet

ruled on the amount of damages that Plaintiff will be awarded.  However, the backpay portion of

her damages calculation alone is worth more than $100,000.  This amount, standing alone, is

substantial without regard to the additional amounts Plaintiff believes she should receive for

front pay, emotional distress and punitive damages.  See Grant v. Martinez, 973 F.2d 96, 101 (2d

Cir. 1992) (stating that while "the lodestar figure may be reduced in situations in which plaintiffs

received only nominal damages awards. . . . such a reduction would be inappropriate . . . where

the parties settled for $60,000 – an amount that defies the 'nominal' label.")  Indeed, courts have

characterized recoveries of approximately $80,000 as "substantial."  Altman v. Port Auth. of

N.Y. and N.J., 879 F. Supp. 345, 353 (S.D.N.Y. 1995); Mendoza v. City of Rome, 162 F.R.D.

260, 263 (N.D.N.Y. 1995).

II.     THE COSTS ARE REASONABLE

Plaintiff's litigation costs are detailed in the disbursement records annexed as

Exhibits D and E to the Licul Decl.  As a prevailing plaintiff, DeCurtis is entitled to reasonable

costs for both her Title VII and City Law claims.  42 U.S.C. § 2000e-5(k); N.Y. Admin. Code

§ 8-502(f); see LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (abuse of

discretion not to award plaintiff reasonable out-of-pocket costs); Reichman v. Bonsignore,

Brignati & Mazzotta P.C., 818 F.2d 278, 283 (2d Cir. 1987) (prevailing plaintiff entitled to

"those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally

270173.1                                        10

charged fee-paying client") (citations omitted).  Moreover, Plaintiff is entitled to seek interest on those costs.  Rozell, 576 F. Supp. 2d at 548.

The costs incurred by Plaintiff in the prosecution of this action are of the type awarded to the Vladeck Firm in other cases.  See, e.g., Dailey v. Societe Generale, 915 F. Supp. 1315, 1332 (S.D.N.Y. 1996); Skold v. Am. Int'l Group, Inc., No. 96 Civ. 7137, 1999 WL 672546, at *2 (S.D.N.Y. Aug. 25, 1999).  Moreover, these costs are normally charged to clients of the Vladeck Firm, including Plaintiff.  (Licul Decl., Ex. A); see also Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (upholding award of costs in a Section 1983 action for service of summons and complaint, postage, copying costs, hotel bills, meals, and messenger service, among other things); Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (in Section 1988 action awarding costs available under Fed. R. Civ. P. 54(d) and "any additional costs ordinarily charged in the particular legal marketplace.") (citing Anderson v. City of N.Y., 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001)).

## CONCLUSION

Based on the forgoing, Plaintiff respectfully requests that the Court award her $215,295.38 in attorneys' fees and costs.

Dated: New York, New York
       November 5, 2010

                                     VLADECK, WALDMAN, ELIAS &
                                        ENGELHARD, P.C.


                         By:      _____s/_____  _____
                                  Valdi Licul
                                  Jeremiah Iadevaia
                                  Attorneys for Plaintiff
                                  1501 Broadway, Suite 800
                                  New York, New York  10036
                                  (212) 403-7300

270173.1                          11